# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WENDELL DEMPSEY,**

      **Petitioner,**

**v.**                                            **Civil Action No. 5:07cv38**
                                                       **(Judge Stamp)**

**WILLIAM FOX, Warden,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On March 8, 2007, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On March 20, 2007, the undersigned conducted a preliminary review of the file and determined that the petition appeared to be untimely filed. Accordingly, the respondent was directed to file a response on the limited issue of the timeliness of the petition.

On April 10, 2007, the respondent filed an answer to the petition and motion to dismiss as untimely. On April 12, 2007, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which the petitioner was advised of his right to file material responsive to the defendant's motion to dismiss. The petitioner filed his reply on May 14, 2007.

## I. Procedural History

### A. Petitioners' Conviction and Sentence

According to the pleadings, on January 17, 2001, a grand jury sitting in Webster County, West Virginia, indicted the petitioner on one count of Robbery in the First Degree, one count of Wanton Endangerment Involving a Firearm, and one count of Convicted Felon in Possession of a

Firearm. On August 21, 2001, the petitioner pleaded guilty and was convicted of First Degree Robbery with use of a firearm. As a result, the remaining counts were dismissed.

On September 6, 2001, the petitioner was sentenced to 30 years in the penitentiary. The petitioner did not file a direct appeal.

**B.  Petitioners' State Habeas Petition**

In the petition, the petitioner asserts that he filed a state habeas corpus petition in the Webster County Circuit Court. The petitioner also states that his petition was denied. However, the petitioner does not state on what date he filed his state habeas petition or on what date it was denied.

Attached to the respondent's motion is the state court docket sheet for the petitioner's state habeas proceedings. See dckt. 11 at Ex. 4. That document reflects that the petitioner filed his state habeas petition on May 14, 2003. Moreover, the docket sheet shows that the petitioner's state habeas petition was denied on February 3, 2006. The petitioner's appeal of that decision was refused by the West Virginia Supreme Court of Appeals on October 16, 2006.

**C.  The Respondent's Motion to Dismiss**

In the motion to dismiss, the respondent asserts that the petition is untimely filed. In support of the motion, the respondent asserts that the petitioner's conviction became final on January 6, 2002, when the time for filing a direct appeal expired. Therefore, the respondent asserts that pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the petitioner's one-year limitations period began running the next day. That one-year period ran continuously from that date, until it expired on January 6, 2003.

Additionally, to the extent that the petitioner is claiming that his petition is timely under the newly discovered evidence exception of 28 U.S.C. § 2244(d)(1)(D), the respondent asserts that the petitioner has failed to sufficiently plead the substance of that claim. Moreover, the respondent

argues that such an exception appears inapplicable in this case.

**D.   The Petitioner's Reply**

In his reply to the respondent's motion to dismiss, the petitioner first asserts that the respondent has incorrectly calculated his one-year limitations period because the respondent "wrongfully asserts that the statute of limitations began to run the day after my conviction date, not when the time for a direct appeal has expired." Response (dckt. 14) at 1.  In addition, the petitioner asserts that he had ineffective assistance of counsel during his state court proceedings.  Finally, the petitioner asserts that he filed a state habeas petition on May 14, 2003, with the help of a jailhouse lawyer.  Therefore, the petitioner requests that his case not be dismissed.

## II.   Analysis

**A.   Timeliness of the Petition**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition.  28 U.S.C. §2244(d).[1]  Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998).  Thus, the AEDPA applies to this petition.

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[2] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner was sentenced on September 6, 2001. Because he did not file a direct appeal, the petitioner's conviction and sentence became final on January 6, 2002, when the time for filing a direct appeal expired.[3] See W.Va.R.Crim.P. 37(b)(3) (an appeal must be filed within four months of the date the judgment is entered). Therefore, absent any properly filed state court proceeding that would have tolled the one-year statute of limitations, the petitioner had until January 6, 2003, to timely file his federal habeas petition. Although the petitioner filed a state habeas petition, that petition was not filed until May 3, 2003, after the one-year limitations period had already expired. Therefore, the petitioner's state habeas petition could not serve to toll the statute of limitations because there was nothing left to toll at the time it was filed. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Accordingly, the instant petition, filed on March 8, 2007, more than four years after

---

[2] 28 U.S.C. § 2244(d)(2).

[3] Contrary to the petitioner's objections, the respondent did not improperly compute his one-year limitations period from the date of his conviction. In the memorandum in support of his motion to dismiss, the respondent states: "In this case, the Petitioner pled guilty and was sentenced by order entered September 6, 2001. No direct appeal was taken from the conviction. Therefore, the Petitioner's conviction became final at the expiration of time for seeking direct review, on January 6, 2002." Memorandum (dckt. 12) at 4.

4

the petitioner's one-year limitation expired, is untimely.

Moreover, to the extent that the petitioner asserts that his petition is timely under the newly discovered evidence exception of 28 U.S.C. § 2244(d)(1)(D), the Court finds that claim to be without merit. In support of his claim, the petitioner asserts that he is "applying 28 U.S.C. 224(d) (sic) subsection (D), because if due diligence was exercised these claims were evident from the time of sentencing." Petition at 13. However, the petitioner's own words doom his claim. Section 2244(d)(1)(D) allows a habeas petitioner to file an otherwise untimely § 2254 claim if it is raised within one-year from the date the factual predicate of the claim could have been discovered through due diligence. In this case, however, the petitioner asserts that his claims were "evident from the time of sentencing." Therefore, the claims raised by the petitioner in his § 2254 petition are not newly discovered and § 2244(d)(1)(D) is not applicable.

## B. Equitable Tolling

Without specifically saying so, it appears that the petitioner is arguing that he is entitled to equitable tolling because counsel in his state court proceedings was ineffective.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In support of his claim for equitable tolling, the petitioner merely asserts that his attorney had

5

agreed to file a direct appeal on his behalf, but that he failed to do so. In addition, the petitioner asserts that his trial attorney has since been barred from practicing law in the State of West Virginia. However, even if true, these claims are clearly not sufficient to support a finding of equitable tolling. The petitioner completely fails to explain how either of these claims prevented him from timely filing his federal habeas petition. Accordingly, the undersigned is of the opinion that the petitioner has not shown that extraordinary circumstances existed, beyond his own conduct or control, that prevented him from timely filing his § 2254 petition. Thus, the petitioner has failed to meet the requirements for equitable tolling and the petition should be denied as untimely.

### III. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 11) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation

to counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE