IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WENDELL DEMPSEY,

    Petitioner,

v.                                  Civil Action No. 5:07CV38
                                                    (STAMP)

WILLIAM FOX, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se petitioner, Wendell Dempsey, an inmate at St. Mary's Correctional Center, was convicted on August 21, 2001 of first degree robbery with the use of a firearm. The petitioner was sentenced in the Circuit Court of Webster County, West Virginia to 30 years imprisonment. The petitioner did not file a direct appeal.

On May 14, 2003, the petitioner filed a petition in Circuit Court of Webster County for a writ of habeas corpus. The state court denied the petitioner's habeas petition on February 3, 2006. The petitioner appealed the denial of his state habeas petition and the appeal was refused on October 16, 2006.

On March 8, 2007, the petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and

recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13. Because it appeared that the petition was untimely, the Court entered an order directing the respondent to file a response on the limited issue of timeliness. The respondent filed an answer to the petition and a motion to dismiss as untimely to which the petitioner responded in opposition. Thereafter, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2254 application be denied as untimely. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C.

2

§ 2244(d). Specifically, the AEDPA provides in pertinent part that:

> The limitation period shall run from the last of:
>
> A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;
>
> C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statue of limitations to the present case and found that the petitioner failed to file his federal habeas petition in a timely manner. Specifically, the magistrate judge found that the petitioner's federal habeas petition is untimely because over four years passed between the expiration of the petitioner's time to file a federal habeas petition (January 6, 2003) and the date that the petitioner filed the instant petition (March 8, 2007).

Furthermore, the magistrate judge found that the petitioner is not entitled to equitable tolling based on allegations that he received ineffective assistance of counsel. This Court agrees with

the position of the magistrate judge that the petitioner's § 2254 application is untimely and that the facts alleged by the petitioner do not support equitable tolling. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. In this case, even assuming for the sake of argument that the petitioner's counsel was ineffective as the petitioner contends, the petitioner has failed to establish "extraordinary circumstances" beyond his control that made it impossible for him to file a petition on time.

The petitioner objects to the magistrate judge's conclusion that his petition is untimely. The petitioner argues that his petition should not be dismissed as untimely because (1) he received ineffective assistance of counsel in that his attorney did not file a direct appeal as requested; (2) the judge who sentenced the petitioner should have recused himself; and (3) his case "should be heard."

The petitioner's objections are without merit. The petitioner essentially reasserts certain grounds of his habeas petition as objections to the magistrate judge's report and recommendation. Because the petitioner's claims are time-barred and the petitioner has failed to show that he is entitled to equitable tolling, this Court need not reach the merits of those claims to conclude that the magistrate judge's report and recommendation should be affirmed. Accordingly, the petitioner's § 2254 application must be denied as untimely.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The respondent's motion to dismiss the petition as untimely filed is GRANTED. It is ORDERED the petitioner's § 2254 petition be DENIED as untimely and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon

reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 19, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE